UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 04-20514-CR-MOORE(s)

UNITED STATES OF AMERICA

vs.

SANDRA AVILA-BELTRAN,
      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and SANDRA AVILA-BELTRAN, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Superseding Information, which charges the defendant with Accessory After the Fact, in violation of Title 18, United States Code, Section 3.

2. This Office agrees to seek dismissal of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required

to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to fifteen (15) years, followed by a term of supervised release of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees to plead guilty to the Superseding Information, which charges the defendant with Accessory After the Fact, in violation of Title 18, United States Code, Section 3. The defendant agrees and understands that the above charge involves the defendant's conduct, and the conduct of others, between in and around January of 1999, and March 12, 2004. This agreement resolves the defendant's federal criminal liability in the Southern District of Florida arising from any criminal conduct by the defendant known to the United States Attorney's Office for the Southern District of Florida, as of the date of this plea agreement, including but not limited to the above-described scheme.

9. The defendant further understands that the charge as stated in the Superseding Information must be filed within five years of the date of the alleged conduct. The defendant understands and agrees that this Office has filed the Superseding Information charging the defendant with a violation of Title 18, United States Code, Section 3 outside of the statutory time period limitation. However, in exchange for the concessions made by this office in connection with this agreement, the defendant further understands and waives any challenges to the Superseding Information based on the expiration of the statute of limitations.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Accessory After the

4

Fact, removal may be presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

12. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/19/13     By: _____
                      CYNTHIA R. WOOD
                      ASSISTANT UNITED STATES ATTORNEY

Date: 4/19/13     By: _____
                      STEPHEN G. RALLS
                      ATTORNEY FOR DEFENDANT

Date: 4-19-13     By: _____
                      HOWARD J. SCHUMACHER
                      ATTORNEY FOR DEFENDANT

Date: 19/04/13    By: _____
                      SANDRA AVILA-BELTRAN
                      DEFENDANT

I hereby certify that I have translated the
above document on April 19, 2013,
from English to Spanish for
Sandra Avila-Beltran.

_____
PILAR FERNANDEZ
COURT CERTIFIED SPANISH INTERPRETER